UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOHNNY RAMIREZ,                                               Case No.
               Plaintiff,

       -against-                                                            **COMPLAINT**

                                                                                             JURY DEMAND

THE CITY OF NEW YORK, P.O.
CHRISTOPHER D'ALTO [SHIELD
# 5804], SERGEANT DESCHAMPS,
and JOHN DOE and JANE DOE #1-2
(the names John and Jane Doe being
fictitious, as the true names are
presently unknown),
               Defendants.
-----------------------------------------------------------------------X

Plaintiff, JOHNNY RAMIREZ, by his attorney, The Law Offices of PHILIP AKAKWAM, P.C., complaining of the defendants herein, The City of New York, P.O. Christopher D'alto [Shield # 5804], Sergeant Deschamps, and John Doe and Jane Doe #1-2 (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10. Defendant P.O. Christopher D'Alto [Shield # 5804] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant Sergeant Deschamps was at all times material herein a sergeant employed by the NYPD. S/he is named here in his or her official and individual capacities.

12. Defendants John Doe and Jane Doe #1-2 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

13. Defendants D'Alto, Deschamps and John Doe and Jane Doe #1-2 are collectively referred to herein as "defendant officers".

14. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. On or about March 26, 2015, at approximately 10:00 p.m., defendant officers, acting in concert, arrested the plaintiff without cause at his former residence which is located at 600 Wyona Street, Apt. 1, Brooklyn, New York, and charged plaintiff with PL 215.51(b)(v) 'Criminal contempt in the first degree', PL 215.51(b)(vi) 'Criminal contempt in the first degree', PL 215.50(3) 'Criminal contempt in the second degree', PL 110/120.00(1) 'Attempted assault in the third degree', PL 260.10(1) 'Endangering the welfare of a child', PL 120.15 'Menacing in the third degree' and PL 240.26(1) 'Harassment in the second degree'.

16. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

17. Prior to the arrest, plaintiff and his youngest daughter, J.R., who was approximately 2 years old at the time, were sitting in their living room when the plaintiff heard a loud knock on the entrance door to their apartment.

18. Upon opening the door, plaintiff encountered defendant officers who proceeded to enter into the living room.

19. While at the living room, defendant officers inquired whether the plaintiff resided at the location and whether he was named on the lease.

20. Plaintiff informed defendant officers that he resided at the location but that his ex-girlfriend and J.R.'s mother, Darcee O'Shea, was named on the lease.

21. Plaintiff explained that Ms. O'Shea no longer resides at the location and that he has custody of J.R.

22. Immediately, as the plaintiff continued to respond to defendant officers' inquiries, Ms. O'Shea entered into the living room and began yelling and cursing at the plaintiff.

23. Plaintiff then proceeded to further explain to defendant officers that Ms. O'Shea is barred by a court order from visiting or being around J.R. except

|     |     |
| --- | --- |
|     | during a court sanctioned visitation with J.R. which could only occur at the premises of NYPD-90th Precinct or NYPD-75th Precinct. |
| 24. | Immediately after Ms. O'Shea entered into the living room, defendant officers directed the plaintiff to leave the premises as his name was not on the lease. |
| 25. | Thereafter, plaintiff began to dress up to leave and also attempted to dress up J.R. |
| 26. | In the process of dressing up, plaintiff contacted his sister with his cell phone to advise her of the situation. |
| 27. | As plaintiff and his sister were engaged in a conversation, Ms. O'Shea ran towards the plaintiff and attempted to snatch the cell phone from the plaintiff. |
| 28. | Plaintiff immediately shielded the cell phone with his body in an attempt to prevent Ms. O'Shea from snatching his cell phone. |
| 29. | Ms. O'Shea ended up coming into contact with the plaintiff's arm. |
| 30. | As soon as Ms. O'Shea came into contact with the plaintiff, defendant officers rushed towards the plaintiff and snatched J.R. away from him. |
| 31. | Defendant officers then handed over J.R. to Ms. O'Shea. |
| 32. | Thereafter, defendant officers forcibly grabbed the plaintiff and immediately placed the plaintiff under arrest. |
| 33. | Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back causing the plaintiff to sustain cuts and bruises. |
| 34. | Plaintiff complained that the handcuffs were too tight and were cutting into his skin causing him to experience pain and numbness in his arms. |
| 35. | Defendant officers refused plaintiff's entreaties to remove or loosen the handcuffs. |
| 36. | Defendant officers then forcibly dragged the plaintiff to their police vehicle and proceeded to essentially shove him into the vehicle. |
| 37. | Eventually, defendant officers transported plaintiff to NYPD-75th Precinct. |
| 38. | After detaining plaintiff for a lengthy period of time at the precinct, plaintiff was transported to the Central Booking to await arraignment. |

39. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

40. During this meeting, defendant officers falsely stated to the prosecutors that the plaintiff allegedly committed the above charged crimes.

41. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

42. On or about March 27, 2015, plaintiff was released on his own recognizance upon arraignment but was required to return to the criminal court to defend the false charges levied against him by defendant officers.

43. Plaintiff appeared before the criminal court on multiple occasions to defend the false charges levied against him by defendant officers.

44. On or about January 8, 2016, the false charges levied against plaintiff were summarily dismissed.

45. Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

46. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

47. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

48. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49. The conduct of defendant officers, as described herein, amounted to false arrest.

50. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. The conduct of defendant officers, as described herein, amounted to excessive use of force.

54. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

55. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

56. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not

commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

58. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

59. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

60. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendants

61. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

63. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

64. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

65. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

66. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

68. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

69. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

70. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

71. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. Defendant officers subjected plaintiff to unreasonable search & seizure.

73. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

74. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

75. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

77. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

78. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

79. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. In an effort to find fault to use against the plaintiff who is of Hispanic descent, defendant officers met with themselves and with several other individuals on numerous occasions (including but not limited to the March 26, 2015 date of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

81. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

82. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

83. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in

|   |   |
|---|---|
|   | conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence. |
| 85. | Additionally, defendant City of New York, acting through Eric Gonzalez and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court. |
| 86. | Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is of Hispanic descent, on the pretext that they were involved in drugs and/or other illicit activities. |
| 87. | Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. |
| 88. | In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-75th Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses. |

89. Most of the arrests and charges made by officers assigned to the NYPD-75th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

90. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-75th Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Latricia Goodridge v. City of New York* (16 CV 2749); *Jeffy Holley v. City of New York* (15 CV 1202); *Crystal Whitfield v. City of New York* (14 CV 6085); *Tyquan Myrick v. City of New York* (13 CV 2544); *Diane Dawson v. City of New York* (13 CV 180); *James Burgess v. City of New York* (12 CV 1322); *Derwin Goldson v. City of New York* (10 CV 5770); *Kamel Prude v. City of New York* (09 CV 3118); *Andrew Elmore v. City of New York* (08 CV 2433).

91. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

92. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

93. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants</u>

94. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

96. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

97. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

98. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

99. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100. Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

101. Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

102. Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

103. Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

104. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

105. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106. Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

107. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

108. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants</u>

109. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

111. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

112. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      April 5, 2017

LAW OFFICE OF PHILIP AKAKWAM, P.C.

/s/

By:    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Philip Akakwam (PA-8294)
Attorney for the Plaintiff
303 Livingston St., 2FL
Brooklyn, NY 11217
Tel. No: (718) 858-2488
Fax No: (718) 858-2489
Email: pakakwam@gmail.com